[Cite as *State v. Gysan*, 2016-Ohio-3375.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio/City of Maumee          Court of Appeals No. L-15-1185

      Appellee          Trial Court No. 15TRC01480-A

v.

Martha K. Gysan          **DECISION AND JUDGMENT**

      Appellant          Decided:  June 10, 2016

* * * * *

Johm B. Arnsby, City of Maumee Prosecutor, for appellee.

Thomas P. Kurt, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a May 21, 2015 judgment of the Maumee Municipal

Court, denying appellant's motion to suppress in the underlying R.C. 4511.19 operating a

motor vehicle while under the influence of alcohol case. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Martha Gysan, sets forth the following assignment of error:

"The trial court erred in overruling appellant's motion to suppress evidence arising from the traffic stop."

{¶ 3} The following undisputed facts are relevant to this appeal. On April 7, 2015, at approximately 1:30a.m., a Maumee police officer was on patrol in the vicinity of Heatherdowns Blvd. and Eastgate Rd. As the officer drove his vehicle towards Eastgate Rd. and looked south, he observed appellant's motor vehicle traveling at an extremely high rate of speed, far in excess of the 35 m.p.h. applicable speed limit.

{¶ 4} Given this observation, the officer began pursuing appellant's vehicle. Despite the officer traveling at nearly twice the posted speed limit, he was unable to catch up to appellant's speeding vehicle.

{¶ 5} As appellant's vehicle traveled down Michigan Avenue in Maumee towards a set of railroad tracks intersecting the street, the officer observed appellant's vehicle first go left of the yellow center line, then he observed the vehicle driving in the northbound lane while traveling southbound.

{¶ 6} The officer continued following appellant off of Michigan Ave. and into an adjacent residential neighborhood in Maumee. The officer ultimately caught up with appellant who had just parked her vehicle in the driveway of a home on Anderson Ave.

2.

{¶ 7} The officer immediately observed appellant to exhibit slurred speech, an unsteady and swaying gait, and glassy, bloodshot eyes. Appellant refused to submit to a breathalyzer test. Subsequently, appellant failed field sobriety tests and conceded to consuming alcohol prior to driving. It was further determined that appellant had also been consuming alcohol inside her motor vehicle.

{¶ 8} On April 7, 2015, based upon these events and the subsequent investigation, appellant was charged with one count of operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a), and one count of failure to drive within marked lanes, in violation of Section 333.08 of the Maumee municipal code.

{¶ 9} On April 30, 2015, appellant filed a motion to suppress evidence collected pursuant to the April 7, 2015 traffic stop. On May 21, 2015, a suppression hearing was conducted by the trial court. Testimony was provided by the officer and video footage captured by the dash cam of the officer's patrol vehicle during the pursuit of appellant was reviewed.

{¶ 10} The officer testified in detail regarding his observation of appellant driving at an extremely high rate of speed, driving left of center, and driving southbound in the northbound lane on Michigan Ave. in Maumee prior to the disputed traffic stop. The dash cam video captured during the officer's motor vehicle pursuit of appellant collaborated the officer's testimony.

{¶ 11} At the conclusion of the hearing, the trial court stated in pertinent part, "Clearly they travel[ed] at a high rate of speed, even if it is not exact, is sufficient in order

3.

to justify the intrusion. The testimony relating to the traveling left of center, again, is relevant to that initial justification for the intrusion. I find there is sufficient justification." The motion to suppress was denied.

{¶ 12} On June 11, 2015, subsequent to the denial of appellant's motion to suppress, appellant pled no contest to one count of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A). On July 6, 2015, timely notice of appeal was filed.

{¶ 13} The sole issue before this court on appeal is the propriety of the trial court's denial of appellant's motion to suppress in this case.

{¶ 14} It is well-established and has been consistently affirmed by this court that in assessing a disputed motion to suppress, we must accept the trial court's findings so long as they are supported by competent and credible evidence. *State v. Hamilton*, 6th Dist. Lucas No. L-07-1254, 2008-Ohio-008, ¶ 15.

{¶ 15} Our review of the record reflects credible, detailed testimony furnished by the officer who pursued appellant on April 7, 2015. It shows that appellant was traveling approximately twice the posted rate of speed in a residential area at approximately 1:30 a.m. The officer's testimony further reflects that he observed appellant drive her vehicle left of the yellow center line and drive her vehicle southbound in the northbound lane of travel on Michigan Ave. in Maumee immediately prior to the disputed traffic stop.

{¶ 16} In conjunction with the above, the record of evidence also encompasses the dash cam video recording from the officer's motor vehicle captured during the above-

4.

described events. This video recording confirms the officer's testimony. Accordingly, we find that the trial court's denial of appellant's motion to suppress was supported by competent and credible evidence. The trial court properly denied the motion.

{¶ 17} Wherefore, we find appellant's assignment of error to be not well-taken. The judgment of the Maumee Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                           _____
                                                                        JUDGE

Thomas J. Osowik, J.

                                                            _____
James D. Jensen, P.J.                                       JUDGE
CONCUR.

                                                            _____
                                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.